UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:15-cv-00119-JHM

SALLIE LINDSEY, individually,                                                                PLAINTIFF
and as Executrix of Temple Taylor, Deceased

V.

U.S. BANK NATIONAL ASSOCIATION, ET AL.                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [DN 19]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendants' Motion to Dismiss is **DENIED**.

### I. BACKGROUND

To begin, the Complaint is rather sparse and not entirely clear. From the Complaint, it is alleged that Temple Taylor (hereinafter "Taylor"), the decedent, purchased a number of United States Savings Bonds between August 29, 1984 and August 2, 1997. (First Am. Compl. [DN 18] ¶ 10.) Plaintiff, Sallie Lindsey, daughter of decedent, alleges that she was the owner/payee of these bonds. (Id.) However, the number or "exact value of which is not presently known to the Plaintiff." (Id.) Plaintiff alleges that Taylor and the Bank, presumably Great Financial Bank, now U.S. Bank, entered into a contract for bailment, by which the bank became the bailee and had the duty to safely care for items in the safe deposit box. (Id. ¶¶ 17–18.) Plaintiff alleges that Taylor placed certificates of deposit (not savings bonds) that belonged to Plaintiff in the safe deposit box. (Id. ¶¶ 19) On some unknown date after Taylor's death on August 2, 1997, Plaintiff went to the Bank and asked to inspect the contents of the safe deposit box. (Id. ¶ 13.) "Plaintiff was told by an employee of the Bank, the exact name of whom is not now known to the Plaintiff,

that the contents of the aforementioned safe deposit box had already been removed by one or more of the Defendants."  (Id. ¶ 14.)

Later, on November 26, 2001, Plaintiff was appointed Executrix of Taylor's estate.  (Id. ¶ 12.)  Plaintiff alleges in both her individual capacity and as the Executrix of Taylor's estate that Defendant breached the contract of bailment by failing to keep safe the contents of the box and return them to Plaintiff upon request.  (Id. ¶¶ 5, 19–20.)  Plaintiff originally filed suit in Grayson County Circuit Court on August 11, 2015, and the matter was removed to this Court on September 16, 2015.  (Notice of Removal [DN 1] ¶ 1.)  Defendant has since moved to dismiss the action for failure to state a claim for breach of contract.  (Defs.' Mem. Supp. Mot. Dismiss [DN 19-1] at 1.)

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct."  Id. at 679.  Instead, "a complaint must

2

contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Defendants claim that the statute of limitations has run for Plaintiff's action both as an individual and as Executrix of Taylor's estate. (Id. at 6–11.) Defendant alternatively argues that the doctrine of laches should be applied to preclude Plaintiff from bringing suit. (Id. at 7–9.) Finally, Defendant argues that Plaintiff's individual claim cannot stand and that the representative claim must be dismissed because the Plaintiff has not shown that she has authority to pursue a claim on behalf of the Estate.

### A. Statute of Limitations

In Kentucky, the statute of limitations for an express or implied contract not in writing is five years, KRS § 413.120(1), and the statute of limitations for written contracts is fifteen years, KRS § 413.090(2). In either case, "an action accrues at the time" of the "breach of a contract." Hoskins' Adm'r v. Kentucky Ridge Coal Co., 305 S.W.2d 308, 311 (Ky. 1957); see Willits v. Peabody Coal Co., 188 F.3d 510 (6th Cir. 1999); Conway v. Portfolio Recovery Associates, LLC, 13 F. Supp. 3d 711, 717 (E.D. Ky. 2014); see also Meade County Bank v. Wheatley, 910 S.W.2d 233, 235 (Ky. 1995) ("Without damages, there is no ripened claim."); Alagia, Day, Trautwein & Smith v. Broadbent, 882 S.W.2d 121, 126 (Ky. 1994) (finding statute of limitations did not begin to run until damages were fixed because a cause of action does not arise until there is an injury producing damages); Saylor v. Hall, 497 S.W.2d 218, 225 (Ky. 1973) ("A cause of

action does not exist until the conduct causes injury that produces loss or damage."); Doe v. Golden & Walters, PLLC, 173 S.W.3d 260, 272 (Ky. Ct. App. 2005) (holding that "without legally cognizable damages, there is no ripe claim").

Here, Defendants allege that the breach accrued no later than February 7, 1998. Defendants claim that February 7, 1998 is the latest date that the breach could have occurred because it is the last possible date that Plaintiff could have discovered items were missing from the safe deposit box. (Def.'s Mem. Supp. Mot. Dismiss [DN 19-1] at 4, 6.) Plaintiff, in her original Complaint, stated that the bonds "were stored in one or more safe deposit box(es) at the Great Financial Bank, located in Jefferson County, Kentucky." (Verified Complaint [DN 1-2] ¶ 8.) Great Financial Bank became a branch of Defendant U.S. Bank on February 7, 1998. (Def.'s Mem. Supp. Mot. Dismiss [DN 19-1] at 4.) Therefore, based on Plaintiff's statement in her original Complaint that she went to Great Financial Bank, not U.S. Bank, and discovered that her bonds were missing, Defendant argues that Plaintiff knew the items were missing at least by February 7, 1998, since Great Financial Bank no longer existed after that date. (Id. at 6.) However, Plaintiff amended her Complaint. The Defendant's motion challenges the adequacy of the First Amended Complaint. It alleges that Plaintiff visited "*the Bank*" to inspect the contents of the safe deposit box. (First Am. Compl. [DN 18] ¶ 13.) Plaintiff does not specify in the First Amended Complaint which bank "the Bank" was and she does not set forth a specific date on which she visited the bank to examine the contents of the safe deposit box. (Id.)

Defendants argue that the Court should look to the original verified Complaint to discern the date of Plaintiff's inspection of the safe deposit box. However, when a party files an amended pleading, the amended pleading supersedes all those that came before. Drake v. City of Detroit, Michigan, 266 F. App'x 444, 448 (6th Cir. 2008) (citing Pintando v. Miami–Dade

4

Housing Agency, 501 F.3d 1241, 1243 (11th Cir.2007)).  "[T]he original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."  Clark v. Johnston, 413 F. App'x 804, 811 (6th Cir. 2011) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2010); see Specialized Pharmacy Servs., LLC v. Magnum Health & Rehab of Adrian, LLC, No. 12-12785, 2012 WL 6212707, at *1 (E.D. Mich. Dec. 13, 2012).  Even so, Defendant argues that the Plaintiff cannot defeat a dispositive motion by attempting to create a genuine issue of material fact that contradicts earlier sworn testimony.  This is true enough, but the cases cited were at the summary judgment stage and this case is not there yet.  Plaintiff will have to deal with her prior sworn statement at that time.

Accordingly, Defendants' Motion to Dismiss on statute of limitations grounds is denied.

**B. Laches**

Defendant alleges that due to the inequitable delay in asserting her rights, Plaintiff should now be barred from bringing this action by the doctrine of laches.  Laches is "the negligent and unintentional failure to protect one's rights. A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it."  Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc., 270 F.3d 298, 320–21 (6th Cir. 2001) (citations omitted).   Under Kentucky law, determining whether an action is barred by laches depends on questions of fact.  See Dennison v. McCann, 197 S.W.2d 248, 249 (Ky. 1946) ("As to what is unreasonable delay is a question always dependent on the facts in the particular facts in the particular case.").  "[T]he defense of laches . . . involves more than the mere lapse of time and depends largely upon questions of fact. Thus, a complaint seldom will disclose undisputed facts clearly establishing the defense of laches and a motion to dismiss

generally is not a useful vehicle for raising the issue." Am. Nat. Prop. & Cas. Co. v. Tosh, No. 5:12-CV-00051, 2013 WL 1311399, at *3 (W.D. Ky. Mar. 27, 2013) (quoting 5 Charles Alan Wright et al., Federal Practice and Procedure § 1277 (3d ed. 2010)).   Because they are "inherently fact specific," district courts throughout this Circuit and others have found that challenges to an action based on the doctrine of laches are "not amenable to dismissal at the pleading stages." Williamson v. Recovery Ltd. P'ship, 2009 WL 3172648, at *4 (S.D. Ohio Sept. 30, 2009); see also Ctr. for Individual Freedom, Inc. v. Ireland, 613 F. Supp. 2d 777, 810 (S.D. W.Va. 2009) (holding that laches is not a proper basis for a motion to dismiss); Ottawa Tribe of Okla. v. Speck, 447 F. Supp. 2d 835, 844–45 (N.D. Ohio 2006) (declining to dismiss based on laches in light of unanswered fact questions); Morel Acoustic, Ltd. v. Morel Acoustics USA, Inc., No. 3:04-CV-348, 2005 WL 2211306, at *4 (S.D. Ohio Sept. 7, 2005) ("[T]he defense of laches requires a close scrutiny of the facts and a balancing of the respective interests of the Parties, a scrutiny and balancing that cannot be achieved when viewing only a Complaint."); EEOC v. Autozone, Inc., 258 F. Supp. 2d 822, 825 (W.D. Tenn.2003) (treating motion to dismiss based on laches as one for summary judgment); Sherman v. Standard Rate Data Serv., Inc., 709 F. Supp. 1433, 1441 (N.D. Ill. 1989). In fact, because the "evaluation of a claim of laches is [dependent] upon the submission of evidence, Fed. R. Civ. P. 12(b)(6) is not the proper vehicle for bringing such a request." Fed. Exp. Corp. v. U.S. Postal Serv., 75 F. Supp. 2d 807, 814 (W.D. Tenn. 1999).   Therefore, this defense must also wait for the summary judgment stage.

### C.  Authority to Bring Action

In response to Defendant's argument that the Plaintiff has not sufficiently established that she has the authority to pursue a claim on behalf of the Estate, the Plaintiff attached a copy of her appointment papers.  However, the Court has grave doubts that the estate is still open.  Plaintiff

was more than likely discharged as Executrix when the Estate was finalized and settled.   But again, this will have to wait for some proof to be submitted before it can be decided.   Similarly, the Court will not dismiss Plaintiff's individual claims at this time and will wait for the record to be more complete.

### D.  Converting Motion to Dismiss to Motion for Summary Judgment

After Defendant filed its Reply brief, Plaintiff filed a general Motion to Continue the pleadings in order to take a deposition of her half-brother, Willard Smith, who she alleges U.S. Bank (or Great Financial Bank) allowed to remove the bonds from the safe deposit box.[1]  (Pl.'s Mot. Continue [DN 22] at 3.)   Plaintiff additionally requested in this Motion that this Court convert Defendant's Motion to Dismiss to a motion for summary judgment.   The Defendant opposed it.   Magistrate Judge Brennenstuhl denied Plaintiff's Motion to Continue and left it to this Court whether to decide the pending Motion to Dismiss in light of the matters outside the record and consider it a motion for summary judgment.  (Order [DN 25] at 3.)

Plaintiff has survived Defendant's Motion to Dismiss.   It is true that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).   However, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.   Here, Plaintiff has submitted an affidavit attached to a Motion to Continue that was ultimately denied.   Defendant had no opportunity to present materials outside the record.   This case needs to get to the summary judgment stage, but the parties must conduct limited, but reasonable discovery before considering any motions for summary judgment.

---

[1] Willard Smith also signed a Waiver of Notice as a part of Plaintiff's appointment as Executrix.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 9, 2016

cc: counsel of record